UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| SCOTT A. NOONAN, ) | |
| JULIE L. NOONAN, ) | |
| ) | Bankruptcy No. 08-01557 |
| Debtors. ) | |
| ) | |
| SHERYL SCHNITTJER, Trustee, ) | |
| ) | Adversary No. 08-09122 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DUPACO COMMUNITY CREDIT ) | |
| UNION, ) | |
| ) | |
| Defendant. ) | |

**ORDER RE: MOTION TO DISMISS**

This matter came before the undersigned on November 14, 2008 on Defendant's Motion to Dismiss.  Attorney Abbe Stensland appeared for Plaintiff/Trustee Sheryl Schnittjer.  Attorney Paul Sigwarth appeared for Defendant Dupaco Community Credit Union. After hearing arguments of counsel, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

**STATEMENT OF THE CASE**

Trustee's complaint seeks to avoid a lien on Debtors' boat, motor and trailer based on the absence of a signed security agreement.  Dupaco moves to dismiss.  It asserts its LOANLINER agreement combined with an unsigned document describing the collateral satisfy the requirement of a security agreement. Trustee resists.  She asserts that Dupaco does not have a document that contains Debtors' signatures as well as a description of the collateral as required by Iowa law.

**CONCLUSIONS OF LAW**

Dupaco does not cite a rule of procedure under which the Court should rule on the Motion to Dismiss.  The Court assumes Dupaco is claiming the complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).  Fed. R. Civ. P.

12; Fed. R. Bankr. P. 7012(b).  The issue under Rule 12(b)(6) is
whether the plaintiff is entitled to offer evidence in support of
its claims, not whether the plaintiff will ultimately prevail.
Schuster v. Anderson, 413 F. Supp. 2d 983, 995 (N.D. Iowa 2005).

     Under Rule 12(b)(6), the Court accepts as true all of the
factual allegations contained in the complaint, and reviews the
complaint to determine whether its allegations show that the
pleader is entitled to relief.  Bell Atlantic Corp. v. Twombly,
___ U.S. __, 127 S. Ct. 1955, 1964-65 (2007).  The complaint
"must include sufficient factual information to provide the
'grounds' on which the claim rests, and to raise a right to
relief above a speculative level."  Schaaf v. Residential Funding
Corp., 517 F.3d 544, 549 (8th Cir. 2008), cert. denied 2008 WL
2753117 (Oct. 6, 2008).  A complaint may be dismissed under Rule
12(b)(6) only if it is clear that no relief can be granted under
any set of facts that could be proven consistent with the
allegations.  DuBois v. Ford Motor Credit Co., 276 F.3d 1019,
1022 (8th Cir. 2002).

     Dupaco asserts this matter is resolved by applying the law
from In re Cantu, 238 B.R. 796 (B.A.P. 8th Cir. 1999).  That case
considered whether a security agreement can be created under
Minnesota law by combining elements of more than one document.
Id. at 799.  In Cantu, a signed loan agreement did not include a
description of collateral, which was described on an unsigned
funds advance voucher.  Id.  The court held that this transaction
satisfied the requirements of a security agreement under
Minnesota law.  Id. at 801.

     The law of Iowa governs the rights of the parties herein.
See In re Commercial Millwright Service Corp., 245 B.R. 597, 600
(Bankr. N.D. Iowa 1999).  Under applicable Iowa law, a security
interest is created by a security agreement.  Iowa Code
§ 554.9105(1).  Section 554.9203 states that a security interest
is enforceable if, among other things, "the debtor has
authenticated a security agreement that provides a description of
the collateral."  Iowa Code § 554.9203(2)(c)(1).  "The basics of
a security agreement are (1) a writing manifesting an intent to
create or provide for a security interest, (2) signed by the
debtor, and (3) containing a description of the collateral."
Commercial Millwright, 245 B.R. at 600; F.S. Credit Corp. v.
Shear Elevator, Inc., 377 N.W.2d 227, 231 (Iowa 1985).

     In some jurisdictions, it is not necessary that a debtor
sign a formal security agreement "if there are documents which
collectively establish an intention to grant a security interest
in the collateral."  In re Rowe, 369 B.R. 73, 76 (Bankr. D. Mass.

2

2007).  This "composite document" theory requires evidence within the documents of the parties' intent to create a security interest.  <u>See</u> 79 C.J.S. Secured Transactions § 42 (2008).  For example, in <u>In re Sabol</u>, 337 B.R. 195, 201 (Bankr. C.D. Ill. 2006), the court found there was not sufficient evidence of the debtor's intent to create a security interest in the several documents provided by the creditor.

### ANALYSIS

Dupaco's Motion to Dismiss asserts that applying the principles of the <u>Cantu</u> case requires dismissal of Trustee's adversary proceeding seeking avoidance of its lien.  In ruling on this motion, the Court must accept as true all the averments of Trustee's Complaint.  Dupaco has not specifically denied any of the statements in the Complaint.  A facial review of the loan documents attached to the complaint supports Trustee's allegations that neither document contains both the required signatures and a description of the collateral.

Regardless of the citation of legal authority purportedly supporting Dupaco's argument, it is not entitled to dismissal of the complaint at this stage of the proceedings.  This is especially true if the parties' intent becomes an issue.  The Court cannot currently state that Trustee is not entitled to offer evidence in support of the claims set out in the complaint.

**WHEREFORE**, the Motion to Dismiss is DENIED.

DATED AND ENTERED: November 20, 2008

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE